[No. 2,955.]

# LUDWIG ALTSCHUL *v.* SAN FRANCISCO CENTRAL PARK HOMESTEAD ASSOCIATION.

PAROL TESTIMONY TO EXPLAIN CALLS OF DEED.—In construing doubtful clauses in a deed, it is important to ascertain all the attendant circumstances in order to arrive at the intention of the parties; and whilst it is not competent to alter, enlarge, or vary the instrument by parol, oral testimony is admissible to explain its calls by applying its descriptive portions to the natural objects called for.

EXPLANATION OF DOUBTFUL CALL IN DEED NOT CONTRADICTION OF IT.—In an action to quiet title to a lot in San Francisco, where it appeared that plaintiff claimed under a deed, which described a lot as "commencing at the northeasterly corner of Pacific street and Lone Mountain Cemetery Avenue, as such corner may be established by the city hereafter, whether known as such street or not:" *Held*, that parol evidence showing that there was an open space, known as Cemetery Avenue, which if extended would have crossed Pacific street at the southwesterly corner of the lot in controversy, and that the grantor pointed out the lot in controversy as the one conveyed, did not contradict the deed and was admissible.

APPLICATION OF CALLS IN A DEED.—Where a lot in San Francisco was claimed under a deed which called for a commencement "at the northeasterly corner of Pacific street and Lone Mountain Cemetery Avenue, as such corner may be established by the city hereafter, whether known as such street or not;" and it appeared that there was a space, known as "Cemetery Avenue," which if extended would have crossed Pacific street at the lot claimed; and it further appeared that the grantor had pointed it out as the lot conveyed: *Held*, that the description applied to the lot claimed, and could not be held to apply to a lot in the United States reservation at the corner of Pacific street and an avenue, thereafter established by the city five hundred feet further west, and called "New Cemetery Avenue."

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.
Defendant appealed.

*Geo. W. Tyler*, for Appellant.

There is no ambiguity in the language of the deed, and oral testimony was incompetent to show that other land, not

described in the deed, was intended to be conveyed by the parties. (*Pierson* v. *McCahill,* 21 Cal. 122; *Richardson* v. *Scott River W. & M. Co.,* 22 Cal. 150; *Leonard* v. *Vischer,* 2 Cal. 37.)

It is perfectly clear from the language of the deed that it was the intention of the grantor and grantee that a corner lot was to be conveyed, not in the place where the opening then known as "Cemetery Avenue" would cross Pacific street, but a place where that avenue crossed Pacific street, as the city should thereafter locate it. If the deed speaks the language it was intended to speak, then plaintiff cannot recover without a manifest violation of the rule of evidence that "oral testimony is inadmissible to vary the terms of a written contract."

*Wm. H. Patterson,* and *Sharp & Lloyd,* for Respondent.

That parol testimony is competent, on the question of location, boundary, and the extent of the land possessed or claimed by the grantor, under a variety of circumstances, is unquestionable. (*Rich* v. *Rich,* 16 Wend. 663; *Jackson* v. *Britton,* 4 id. 507; *Barclay* v. *Howell,* 6 Peters, 498; *Abeel* v. *Van Geldee,* 36 N. Y. 513; *Ferris* v. *Coover,* 10 Cal. 589; *Reamer* v. *Nesmith,* 34 id. 624; *Colton* v. *Seavey,* 22 id. 496.)

It appears that both Chart and Travis, the plaintiff's grantors, went upon the land and pointed it out to plaintiff at the time of the conveyance; and, in view thereof, the fact that the city has since laid out a new avenue at a distance from where "Cemetery Avenue" was then supposed to run, will not be allowed to defeat the plaintiff's grant, make him lose both his money and his land, and reinstate the grantor in the title. Courts will not subscribe to the legality or justice of such a claim. The call for a corner at the junction of the avenue, as it was then understood it would run when extended, fixed the starting point in the description of the lot

as that which the grantor then owned and pointed out as the one intended to be conveyed by the description.


By the Court, CROCKETT, J.:

This is an action under section two hundred and fifty-four of the code to quiet the plaintiff's title to a lot of land in the City of San Francisco. The answer denies the title of the plaintiff and sets up title in the defendant. At the trial it was admitted that in the year 1864 the title to the premises in controversy was in one Chart, under whom the plaintiff and defendant both claim. It further appeared that in 1864, whilst the owner of the premises, Chart made a deed to one Travis for a parcel of land which was described as follows: " Commencing at the northeasterly corner of Pacific street and Lone Mountain Cemetery Avenue, as such corner may be established by the city hereafter, whether known as such street or not; thence running parallel with Lone Mountain Cemetery Avenue one hundred and thirty-seven and a half feet in a northerly direction; thence parallel with Pacific street in an easterly direction sixty-eight feet nine inches; thence parallel with Lone Mountain Cemetery Avenue in a southerly direction one hundred and thirty-seven feet and six inches; thence along the northerly side of Pacific street sixty-eight feet nine inches, to the point of beginning;" and that Travis subsequently conveyed the land by the same description to the plaintiff. In 1868 Chart conveyed the premises in controversy here to the defendant. At the trial the plaintiff proved by parol, against the objection and exception of the defendant, that at the date of the deed from Chart to Travis and from Travis to the plaintiff, there was an open space about sixty feet wide, running from the front of Lone Mountain Cemetery to Pacific street, and which was fenced as far north as Jackson street; that this open space was then known as " Cemetery Avenue," and that if it had been

extended across Pacific street the lot in controversy in this
action would have been situated at the northeast corner of
said open space thus extended and Pacific street. That at
the dates of said deeds from Chart to Travis and from Travis
to the plaintiff, Chart pointed out to them the lot in contro-
versy as the one which he proposed to sell, and did sell and
convey to Travis; and it was further proved that the defend-
ant had notice of these facts when it took the deed from
Chart. The defendant then proved that when Chart con-
veyed to Travis there was an open street, known as Baker
street, running north and south across Pacific street imme-
diately east of the block in which this lot is situated, which
street was then officially established; but there was no other
street officially established west of Baker street until the
year 1869, when a street known as New Cemetery Avenue
was established, and which runs across Pacific street about
five hundred feet west of the lot in controversy. It further
appeared that the land at the northeast corner of Pacific
street and New Cemetery Avenue is within the tract reserved
by the United States for military purposes. Judgment hav-
ing been entered for the plaintiff, the defendant appeals, and
assigns as error the ruling of the Court in admitting parol
evidence to prove the facts above stated. But, in my opin-
ion, the evidence was clearly competent. In construing
doubtful clauses in a deed it is important to ascertain all the
attending circumstances in order to arrive at the intention
of the parties; and whilst it is not competent to alter, enlarge,
or vary the instrument by parol, it is well settled that oral
testimony is admissible to explain the calls· of a deed by
applying its descriptive portions to the natural objects called
for. When the deed from Chart to Travis was executed no
street was officially established west of Baker street; but
the parties had a right to presume that the open space then
known as Cemetery Avenue would be officially established
as a street of the city, and would be extended across Pacific

street. But they could not know but that its location might be slightly varied, or that, when officially established, it might not be called by some other name. This contingency was provided for in the deed by describing the land as situate at the northeast corner of Pacific street and the new street which was expected to be established across Pacific street at or near that point, and which might thereafter be called by some other name than Cemetery Avenue, by which it was then known. But it was clearly not within the contemplation of the parties that the new street referred to in the deed was one which might thereafter be established five hundred feet further towards the west and across lands belonging to the United States, where it crossed Pacific street, in which lands Chart did not pretend to have any interest whatsoever. There was nothing in the parol evidence to contradict the deed; but its only office was to explain the circumstances under which the deed was made, and to identify the object called for in the deed as Cemetery Avenue. The call in the deed to commence at the northeast corner of Pacific street and Lone Mountain Cemetery Avenue, as such corner may be established by the city hereafter, whether known as such street or not, can by no reasonable intendment be held to apply to a street thereafter established by the city, five hundred feet further west, and called " *New* Cemetery Avenue." The term *new*, employed to designate this street, would appear to have been used to contradistinguish it from the old street or open space known as Lone Mountain Cemetery Avenue. It was in fact the establishment of another street, at a remote point, and known by a wholly different name from that described in the deed and contemplated by the parties. The defendant's case would have been quite as strong if the new street had been located at the distance of a mile, and had been called " Oak street " instead of " New Cemetery Avenue."

I think the evidence was clearly competent, and that the judgment should be affirmed.

So ordered.

Mr. Chief Justice SPRAGUE did not participate in the foregoing decision.